UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EDWARD JAMES CROMER,

    Petitioner,     Case No. 2:13-cv-59

v.     Honorable R. Allan Edgar

UNITED STATES OF AMERICA, et al.,

    Respondent.
_____/

# OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2241. Petitioner's application for relief is nothing more than a recitation of constitutional guarantees and historical rights to freedom. Petitioner appears to be asserting that the state and federal government lack jurisdiction to imprison him because he is of Moorish birth and is not a citizen of the United States of America or of the State of Michigan. However, Petitioner is currently serving life sentences for crimes committed in 1990. (*See* MDOC Offender Tracking Information System, http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=211902.) Petitioner fails to assert any valid challenge to these convictions. Moreover, the applicable statute of limitations has long since run on these convictions. Therefore, the court will dismiss this petition for lack of merit.

In light of the foregoing, the Court will summarily dismiss Petitioner's application because it fails to raise a meritorious federal claim.

Where a § 2241 Petitioner complains of a detention arising out of process issued by a State court, the Petitioner is required to obtain a certificate of appealability (COA) in order to

appeal the denial of his petition. *Greene v. Tennessee Dept of Corrections*, 265 F.3d 369, 370 (6th Cir. 2001). Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under on initial screening is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: 3/4/2013   /s/ R. Allan Edgar
R. Allan Edgar
United States District Judge